UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
––––––––––––––––––––––––––––––––-X
Gabriel Mizhquiri,

                      Case 1:23-cv-05744-PKC-CLP

    Plaintiff,

 -v-                            **DEFENDANTS' ANSWER**

Global Home Improvements Inc.,
Silver Interior Inc., and
Joseph Silberman,

    Defendants.
––––––––––––––––––––––––––––––––-X

    The Defendants Global Home Improvements Inc., Silver Interior Inc., and Joseph Silberman, (collectively "Defendants") by and through their attorney, Diana Rubin, Esq., hereby answer the complaint as follows:

## NATURE OF THE ACTION

1. Defendants deny the allegations made in Paragraph No. 1.

2. Defendants deny the allegations made in Paragraph No. 2.

3. Defendants deny the allegations made in Paragraph No. 3.

## JURISDICTION AND VENUE

4. Defendants deny the allegations made in Paragraph No. 4.

5. Defendants deny the allegations made in Paragraph No. 5.

6. Defendants deny the allegations made in Paragraph No. 6.

## THE PARTIES

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph 7 and, therefore, denies them.

8. Defendants admit the allegations made in Paragraph No. 8.

9. Defendants admit the allegations made in Paragraph No. 9.

10. Defendants deny the allegations made in Paragraph No. 10.

11. Defendants deny the allegations made in Paragraph No. 11.

12. Defendants admit the allegations made in Paragraph No. 12.

13. Defendants deny the allegations made in Paragraph No. 13.

## **STATEMENT OF FACTS**

14. Defendants admit the allegations made in Paragraph No. 14.

15. Defendants deny the allegations made in Paragraph No. 15.

16. Defendants deny the allegations made in Paragraph No. 16.

17. Defendants deny the allegations made in Paragraph No. 17.

18. Defendants deny the allegations made in Paragraph No. 18.

19. Defendants deny the allegations made in Paragraph No. 19.

20. Defendants deny the allegations made in Paragraph No. 20.

21. Defendants deny the allegations made in Paragraph No. 21.

22. Defendants deny the allegations made in Paragraph No. 22.

23. Defendants deny the allegations made in Paragraph No. 23.

24. Defendants deny the allegations made in Paragraph No. 24.

25. Defendants admit the allegations made in Paragraph No. 25.

26. Defendants admit the allegations made in Paragraph No. 26.

27. Defendants admit the allegations made in Paragraph No. 27.

28. Defendants admit the allegations made in Paragraph No. 28.

29. Defendants admit the allegations made in Paragraph No. 29.

30. Defendants admit the allegations made in Paragraph No. 30.

31. Defendants admit the allegations made in Paragraph No. 31.

32. Defendants deny the allegations made in Paragraph No. 32.

33. Paragraph 33 does not require an answer. If an answer if required it is denied.

34. Paragraph 34 does not require an answer. If an answer if required it is denied.

35. Paragraph 35 does not require an answer. If an answer if required it is denied.

## CAUSES OF ACTION

36. Paragraph 36 does not require an answer. If an answer if required it is denied.

37. Defendants deny the allegations made in Paragraph No. 37.

38. Defendants admit the allegations made in Paragraph No. 38.

39. Defendants admit the allegations made in Paragraph No. 39.

40. Defendants deny the allegations made in Paragraph No. 40.

41. Paragraph 41 does not require an answer. If an answer if required it is denied.

42. Paragraph 42 does not require an answer. If an answer if required it is denied.

43. Paragraph 43 does not require an answer. If an answer if required it is denied.

44. Paragraph 44 does not require an answer. If an answer if required it is denied.

45. Paragraph 45 does not require an answer. If an answer if required it is denied.

46. Paragraph 46 does not require an answer. If an answer if required it is denied.

47. Paragraph 47 does not require an answer. If an answer if required it is denied.

48. Paragraph 48 does not require an answer. If an answer if required it is denied.

49. Paragraph 49 does not require an answer. If an answer if required it is denied.

50. Paragraph 50 does not require an answer. If an answer if required it is denied.

51. Paragraph 51 does not require an answer. If an answer if required it is denied.

## PRAYER FOR RELIEF

52. Defendants deny the allegations made in Paragraph No. 52.

53. Defendants deny the allegations made in Paragraph No. 53.

54. Defendants deny the allegations made in Paragraph No. 57.

55. Defendants deny the allegations made in Paragraph No. 58.

56. Defendants deny the allegations made in Paragraph No. 59.

57. Defendants deny the allegations made in Paragraph No. 60.

58. Defendants deny the allegations made in Paragraph No. 61.

59. Defendants deny the allegations made in Paragraph No. 62.

60. Defendants deny the allegations made in Paragraph No. 63.

## FIRST AFFIRMATIVE DEFENSE

61. The complaint fails to state a cause of action for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

62. Plaintiff was never an employee of any of the Defendants to be entitled to any relief. Any and all work, if any, was limited in nature, was done as an independent contractor.

## THIRD AFFIRMATIVE DEFENSE

63. None of the Defendants engaged in interstate commerce during the times relevant to this matter. Plaintiff limited work pertained to construction work performed at a specific construction site(s). He did not participate in the actual movement of persons or things in interstate commerce by working for an instrumentality of interstate commerce, or by

regularly using the instrumentalities of interstate commerce in his purported construction services, especially as an independent contractor.

## FOURTH AFFIRMATIVE DEFENSE

64. The statute of limitations expired for all or most of the counts prior to the commencement of this action.

## FIFTH AFFIRMATIVE DEFENSE

65. The Complaint was not served/properly served on any of the Defendants. Therefore, the Court has no jurisdiction over Defendants due to improper process/lack of service.

## SIXTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred by Plaintiff's failure to exhaust or satisfy the statutory or administrative prerequisites to bringing this action.

## SEVENTH AFFIRMATIVE DEFENSE

67. Plaintiff has failed to take reasonable steps to protect himself from the damages alleged in the Complaint and mitigate any such damages.

## EIGHTH AFFIRMATIVE DEFENSE

68. The Complaint does not set forth-sufficient facts to allow the answering Defendants to determine all potential affirmative defenses. Accordingly, the answering Defendants reserve their right to assert additional affirmative defenses and/or withdraw or modify the defenses stated herein if and when such information is ascertained through discovery.

**WHEREFORE**, Defendants respectfully request this Honorable Court to deny/dismiss Plaintiff's Complaint in its entirety, and for such other and further relief as is just and proper.

Dated:   Manhasset, NY
　　　　 September 18, 2023

By: _____

**THE LAW OFFICES OF DIANA RUBIN**
*Diana Rubin, Esq.,*
Attorney for Defendants
Global Home Improvements Inc., Silver
Interior Inc., and Joseph Silberman,
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
Tel (212) 603-9334
Fax (516) 272-4171

**Affirmation of Service**

Diana Rubin, Esq., an attorney duly licensed to practice law in the courts of the State of New York, after being duly sworn on oath, and under the penalty of perjury, affirms that on September 15, 2023, she mailed a copy of the Answer, by first class mail, postage prepaid, to:

Abdul K. Hassan, Esq.
215-28 Hillside Avenue,
Queens Village, NY 11427

Dated:   Manhasset, NY
　　　　 September 18, 2023

　　　　　　　　　　　　　　　　　　　　/s/ Diana Rubin
　　　　　　　　　　　　　　　　　　　　Diana Rubin