UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GABRIEL MIZHQUIRI,

                Plaintiff,

     -against-

GLOBAL HOME IMPROVEMENTS INC., *et al.*,

                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23 CV 5744 (PKC) (CLP)

**POLLAK**, United States Magistrate Judge:

On July 30, 2023, Gabriel Mizhquiri ("plaintiff") commenced this wage and hour action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., New York Labor Law ("NYLL") §§ 190 et seq. and §§ 650 et seq., and related regulations. (ECF No. 1 ¶¶ 1–3). In a letter filed on February 26, 2024, the defendants informed the Court that plaintiff had resumed working for the defendants, and that plaintiff had sent defendants an email stating that he wished to voluntarily dismiss the action. (ECF No. 23).

Plaintiff's counsel filed a letter in response on February 29, 2024. (ECF No. 24). In it, plaintiff's counsel voiced his concern that defendants had pushed plaintiff to send the aforementioned email (and that defendants may have even drafted it). Since the voluntary dismissal of plaintiff's FLSA case implicated the court approval requirements established by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 200 (2d Cir. 2015), cert. denied, 577 U.S. 1067 (2016), and its progeny, he was raising his concerns with the Court. (ECF No. 24).[1]

---

[1] The Court agrees with plaintiff's counsel that, at the very least, a limited Cheeks review is necessary in this circumstance to confirm that there was no FLSA settlement and that there was no risk that plaintiff may suffer the same "pernicious effects" that were at the core of the Second Circuit's holding in Cheeks. Samake v. Thunder Lube, Inc., 24 F.4th 804, 810 (2d Cir. 2022); see also id. (concluding that "the logic of Cheeks as applied to Rule 41(a)(1)(A)(ii) dismissals with prejudice applies equally to Rule 41(a)(1)(A)(i) dismissals without prejudice").

1

Specifically, Counsel requested that the Court direct defendants to identify, describe and explain all contacts between plaintiff, the defendants, and defendants' counsel, concerning the plaintiff's email and defendants' rehiring of plaintiff. (Id.) Defendants, in response, took issue with plaintiff's counsel's characterization and asked that the Court "hold a hearing and inquire Plaintiff into the essential facts surrounding this situation and his motivation to discontinue this action." (ECF No. 25). Defendants also asked for a stay of all discovery deadlines while this issue was pending. (ECF No. 26)

On March 19, 2024, the Court temporarily stayed discovery and set a conference to resolve the dispute. On April 18, 2024, the plaintiff, defendant Joseph Silberman, and their respective counsel appeared before the undersigned via videoconference. (Minute Entry, dated April 19, 2024). The Court heard from both plaintiff and Mr. Silberman and allowed counsel to ask questions of both. Plaintiff explained that he learned of a job opening with defendants and contacted defendant Silberman, who hired him for the position. According to plaintiff, there was no discussion of the lawsuit at that time and that after discussions with his wife, plaintiff decided not to pursue the litigation. Ultimately, plaintiff testified that he made the choice to withdraw the action voluntarily and without any undue influence on the part of defendants or defendants' counsel.

Both Mr. Silberman and his counsel testified that they had not initiated any contact with plaintiff regarding dismissal of the case or rehiring plaintiff, and that they played no role in drafting the email sent by plaintiff to Mr. Silberman. Mr. Silberman confirmed plaintiff's statements regarding the job opportunity and the absence of any discussion of the lawsuit at the time plaintiff was rehired. Plaintiff was also advised of his rights under the federal and state

wage and hour laws with respect to any future work performed for the defendants, and he confirmed that he understood those rights.

The Court credits the testimony of the plaintiff, Mr. Silberman, and Mr. Silberman's counsel.  In light of that testimony, the Court concludes that nothing untoward has taken place here, and that dismissal of the action without prejudice would not violate Cheeks.  See Ramirez v. Blue Grass Landscaping & Gardening, Inc., No. 22 CV 813, 2022 WL 5207494 (E.D.N.Y. Sept. 19, 2022) (recommending voluntary dismissal where plaintiff "repeatedly stated under oath that it was his own decision to discontinue this action and that [d]efendants did not threaten him or offer him consideration in exchange for dismissing the case," and where defendants testified the same), report and recommendation adopted, 2022 WL 5186121 (E.D.N.Y. Oct. 5, 2022). The Court therefore respectfully recommends that the district court dismiss this case in its entirety, without prejudice, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: Brooklyn, New York
April 23, 2024

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

3